```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                     CRIMINAL ACTION NO. 2:13-00021

**EDDIE DAIVON MORGAN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On October 27, 2020, the United States of America appeared by Makeia Jonese, law student, under the supervision of Monica D. Coleman, Assistant United States Attorney, and the defendant, Eddie Daivon Morgan, appeared in person and by his counsel, Rhett H. Johnson, for a hearing on the petition and second amendment to the petition, seeking revocation of supervised release submitted by United States Probation Officers Joseph Black and M. Dylan Schaffer, respectively. The defendant commenced a three-year (3) term of supervised release in this action on October 2, 2015, as more fully set forth in the Judgment Order entered by the court on May 29, 2013.

The court heard the admissions and objection of the defendant, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respect: (1) On January 28, 2016, the defendant was out of the district of supervision without permission inasmuch as he was being supervised in Kentucky and was found on that date in Beckley, West Virginia, (2) On or about January 20, 2016, while in Kentucky, the defendant committed the offense of manslaughter in the second degree with respect to the death of Christina Eisner and on that same date he committed the offense of assault in the second degree with respect to Jeffrey Eisner, all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing. The defendant has been convicted in Kentucky on both charges and sentenced to a term of nine years on each of the charges with the terms of imprisonment to run concurrently.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of

2

supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of twenty four(24) MONTHS to run consecutively to the manslaughter in the second degree and assault in the second degree sentences imposed in Kentucky, with no additional term of supervised release to be imposed in this West Virginia criminal action.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: November 17, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge